IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JoAnn Higgs, | ) |
|    Plaintiff, | ) ) ) |
| v. | )   No. 10 C 3128 |
| Northstar Location Services, LLC, a New York limited liability company, | ) ) ) ) |
|    Defendant. | )   <u>Jury Demanded</u> |

**COMPLAINT**

Plaintiff, JoAnn Higgs, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, <u>et</u> <u>seq.</u> ("FDCPA"), for a finding that Defendant's debt collection actions violated the FDCPA, and to recover damages for Defendant's violation of the FDCPA, and alleges:

**JURISDICTION AND VENUE**

1. This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.

2. Venue is proper in this District because: a) part of the acts and transactions occurred here; and, b) Defendant resides and transacts business here.

**PARTIES**

3. Plaintiff, JoAnn Higgs ("Higgs"), is a citizen of the State of Maryland from whom Defendant continued to attempt to collect a delinquent consumer debt she owed for a Discover Card credit card, despite the fact that she had demanded, through the legal aid attorneys at the Chicago Legal Clinic's Legal Advocates for Seniors and

People with Disabilities program ("LASPD"), located in Chicago, Illinois, that Defendant cease its collection actions.

4. Defendant, Northstar Location Services, LLC ("Northstar"), is a New York limited liability company that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, delinquent consumer debts. Northstar operates a nationwide collection agency and collects debts from consumers in virtually every state, including the State of Illinois. Moreover, Northstar was acting as a debt collector as to the delinquent consumer debt it attempted to collect from Ms. Higgs.

5. Defendant Northstar is licensed to conduct business in Illinois and maintains a registered agent here, see, record from the Illinois Secretary of State, attached as Exhibit A. In fact, Northstar conducts business in Illinois.

6. Moreover, Defendant Northstar is licensed as a collection agency in Illinois, see, record from the Illinois Division of Professional Regulation, attached as Exhibit B. In fact, Northstar acts as a debt collector in Illinois.

## FACTUAL ALLEGATIONS

6. Ms. Higgs is a disabled senior citizen, with limited assets and income, who fell behind on paying her bills. When Defendant Northstar began trying to collect a delinquent Discover Card debt from Ms. Higgs, she sought the assistance of the legal aid attorneys at the Chicago Legal Clinic's LASPD program, regarding her financial difficulties and Defendant Northstar's collection actions.

7. On January 6, 2010, one of Ms. Higgs' attorneys at LASPD told Northstar, in writing, to cease all further collection actions because Ms. Higgs was forced, by her

2

financial circumstances, to refuse to pay her unsecured debt. Copies of this letter and fax confirmation are attached as Exhibit C.

8. Nonetheless, on April 7, 2010, Defendant Northstar sent a collection letter, demanding payment of the Discover Card debt. A copy of this letter is attached as Exhibit D.

9. Accordingly, on April 20, 2010, one of Ms. Higgs' LASPD attorneys again wrote to Defendant to demand that Northstar cease collection of the debt. Copies of this letter and fax confirmation are attached as Exhibit E.

10. All of Defendant Northstar's collection actions complained of herein occurred within one year of the date of this Complaint.

11. Defendant Northstar's collection communications are to be interpreted under the "unsophisticated consumer" standard. See, Gammon v. GC Services, Ltd. Partnership, 27 F.3d 1254, 1257 (7th Cir. 1994).

### Violation Of § 1692c(c) Of The FDCPA -- Failure To Cease Collections

12. Section 1692c(c) of the FDCPA prohibits a debt collector from continuing to demand payment of a debt that the consumer has indicated that they refuse to pay. See, 15 U.S.C. § 1692c(c).

13. Here, the letter from Ms. Higgs' agent, LASPD, told Defendant Northstar to cease collections because Ms. Higgs refused to pay the debt (Exhibit C). By continuing to demand payment of this debt (Exhibit D), despite Ms. Higgs' refusal to pay, Defendant Northstar violated § 1692c(c) of the FDCPA.

14. Defendant Northstar's violation of § 1692c(c) of the FDCPA renders it liable for statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

## PRAYER FOR RELIEF

Plaintiff, JoAnn Higgs, prays that this Court:

1. Find that Defendant Northstar's debt collection actions violated the FDCPA;

2. Enter judgment in favor of Plaintiff Higgs, and against Defendant Northstar, for statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA; and,

3. Grant such further relief as deemed just.

## JURY DEMAND

Plaintiff, JoAnn Higgs, demands trial by jury.

          JoAnn Higgs,

          By: /s/ David J. Philipps
          One of Plaintiff's Attorneys

Dated: May 20, 2010

David J. Philipps    (Ill. Bar No. 06196285)
Mary E. Philipps    (Ill. Bar No. 06197113)
Philipps & Philipps, Ltd.
9760 S. Roberts Road, Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com
mephilipps@aol.com

4